UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN BOWES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ONE ADVANTAGE LLC<br><br>　　　　Defendant. | ) Case No.:<br>)<br>)<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Kevin Bowes, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby sues Defendant, One Advantage LLC (hereinafter "Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1.　This is an action for damages arising from Defendant's violations of 47 U.S.C. §227 *et seq.,* the Telephone Consumer Protection Act.

## JURSIDICTION AND VENUE

2.　This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.　Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.　Plaintiff is a natural person, who at all relevant times has resided in the City of Toms River, Ocean County, New Jersey 08753.

5. Defendant is a corporation doing business in the State of New Jersey, with its corporate address as 7650 Magna Drive, Belleville, Illinois 62223.

## FACTUAL STATEMENT

6. In or about August 2015, Plaintiff began receiving telephone calls from Defendant looking for his wife, Kelly Bowes.

7. Plaintiff spoke with a representative of Defendant on or about September 15th and learned that Defendant has no account with Plaintiff or for Plaintiff's wife, Kelly Bowes.

8. Plaintiff told Defendant's representative to stop calling during the course of this phone call.

9. Plaintiff also sent Defendant a written cease and desist letter on September 6, 2015.

10. Defendant continued to call Plaintiff's cellular telephone repeatedly and would leave voicemail messages with an artificial voice.

11. As Plaintiff does not have an account with Defendant, Defendant never had consent to call Plaintiff's cellular telephone.

12. In any event, Plaintiff revoked any consent to call that may have existed between Plaintiff and Defendant.

13. In all, Defendant called Plaintiff a minimum of twenty times on his cellular telephone.

14. All telephone calls from Defendant to Plaintiff were made to Plaintiff's cellular telephone number ending with the last four (4) numbers of 3083.

15. The telephone calls made by Defendant originated from the phone numbers 855-856-9662.

16. The telephone numbers 855-856-9662 is owned or controlled by Defendant.

17. Defendant used an automated dialer to call Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

18. Plaintiff repeats the allegations contained in paragraphs 1 through 17 and incorporates them as if specifically set forth at length herein.

19. Defendant did not have consent to call Plaintiff's cellular telephone, but continued to place automated telephone calls.

20. A minimum of twenty (20) telephone calls to Plaintiff from Defendant were done utilizing an automated dialer and without Plaintiff's consent.

21. Defendant's actions constitute a minimum of twenty (20) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

## JURY TRIAL DEMAND

22. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Kevin Bowes, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA;

b.	Enter judgment against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii);

c.	Enter judgment against Defendant for statutory damages for each violation of 47 U.S.C. § 227b(1)(A)(iii) or treble damages of the Court deems the violations willful; and

d.	Grant such other and further relief as may be just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify to my own knowledge and based upon information available to me at my office and pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated this 14th day of December, 2015

Respectfully Submitted,

 s/ Matthew T. Sheffield
Matthew T. Sheffield Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116
Email: ms@lupoloverlaw.com